J-S58008-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANDRE LAMAR YATES | : | |
| | : | |
| Appellant | : | No. 1676 WDA 2017 |

Appeal from the PCRA Order September 27, 2017
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0005902-2003,
CP-02-CR-0014110-2003

BEFORE:  OLSON, J., MURRAY, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY OLSON, J.:                    FILED OCTOBER 09, 2018

Appellant, Andre Lamar Yates, appeals pro se from the September 27, 2017 order dismissing his third petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On November 14, 2002, Appellant fired several shots at a vehicle occupied by Edward Powell and Alean Hudson.  Hudson died and Powell was injured as a result of the shooting. Appellant was charged in connection with the shooting.  On November 1, 2004, the trial court sentenced Appellant to an aggregate term of life imprisonment without the possibility of parole after

he was convicted of first-degree murder,[1] attempted murder,[2] and aggravated assault.[3]   This Court affirmed Appellant's judgment of sentence and our Supreme Court denied allowance of appeal.  Commonwealth v. Yates, 902 A.2d 984 (Pa. Super. 2006) (unpublished memorandum), appeal denied, 907 A.2d 1102 (Pa. 2006).

Appellant filed a pro se PCRA petition and counsel was appointed. Eventually, the PCRA court denied Appellant's first PCRA petition and this Court affirmed.  Commonwealth v. Yates, 30 A.3d 532 (Pa. Super. 2011) (unpublished memorandum).  Thereafter, Appellant filed a second, untimely pro se PCRA petition.  The PCRA court found that Appellant satisfied the newly-discovered fact exception to the PCRA's timeliness requirement and appointed him counsel.  It later denied Appellant relief on the merits and this Court affirmed the denial of relief.  Commonwealth v. Yates, 102 A.3d 535, 2014 WL 10965404 (Pa. Super. 2014) (unpublished memorandum).

On July 17, 2017, Appellant filed this, his third, pro se PCRA petition. On August 8, 2017, the PCRA court issued notice of its intent to dismiss the petition without an evidentiary hearing.   See Pa.R.Crim.P. 907.   On

_____

[1] 18 Pa.C.S.A. § 2502(a).

[2] 18 Pa.C.S.A. §§ 901, 2502.

[3] 18 Pa.C.S.A. § 2702(a)(1).

September 27, 2017, the PCRA court dismissed the petition. This timely appeal followed.[4]

Appellant presents two issues for our review:

1. Did the [PCRA] court err by abusing [its] discretion by[] not accepting jurisdiction of Appellant's meritorious after[-]discovered evidence claim and[] Appellant's request for an investigator to extrapolate exculpatory evidence from Appellant's alibi witness?

2. Did the PCRA court err by not granting Appellant an evidentiary hearing when Appellant found an alibi witness by happenstance that would prove Appellant's actual innocence?

Appellant's Brief at 2 (complete capitalization removed).[5]

In both issues, Appellant argues that the PCRA court erred in finding that it lacked jurisdiction over the merits of his petition. "The timeliness requirement for PCRA petitions is mandatory and jurisdictional in nature." Commonwealth v. Montgomery, 181 A.3d 359, 365 (Pa. Super. 2018) (en banc), appeal denied, 2018 WL 3784694 (Pa. Aug. 8, 2018) (cleaned up). "The question of whether a petition is timely raises a question of law. Where the petitioner raises questions of law, our standard of review is de novo and our scope of review plenary." Commonwealth v. Hudson, 156 A.3d 1194,

_____

[4] On December 4, 2017, the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal ("concise statement"). See Pa.R.A.P. 1925(b). On December 14, 2017, Appellant filed his concise statement. On May 1, 2018, the PCRA court issued its Rule 1925(a) opinion. Appellant included both of his issues in his concise statement.

[5] We have renumbered the issues for ease of disposition.

1197 (Pa. Super. 2017), appeal denied, 170 A.3d 1007 (Pa. 2017) (citation omitted).

A PCRA petition is timely if it is "filed within one year of the date the judgment [of sentence] becomes final." 42 Pa.C.S.A. § 9545(b)(1). "[A] judgment [of sentence] becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). Appellant's judgment of sentence became final on December 11, 2006, at the expiration of the time for seeking review by the Supreme Court of the United States. See U.S. Sup. Ct. R. 13. Appellant's instant petition, his third, was filed over 10 years later. Thus, the petition was patently untimely.

An untimely PCRA petition may be considered if one of the following three exceptions applies:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1). If an exception applies, a PCRA petition may be considered if it is filed "within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Appellant argues that he satisfied the newly-discovered fact timeliness exception.

> The newly-discovered fact exception has two components, which must be alleged and proved. Namely, the petitioner must establish that: 1) the facts upon which the claim was predicated were unknown and 2) could not have been ascertained by the exercise of due diligence. If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under this subsection.

Commonwealth v. Brown, 141 A.3d 491, 500 (Pa. Super. 2016) (citation omitted).

Specifically, Appellant argues that he learned of an alibi witness who could testify that Appellant was in New Jersey at the time of the murder. According to Appellant, this alibi witness provided a newly-discovered fact that conferred jurisdiction over his third PCRA petition. This argument fails for two reasons. First, Appellant failed to comply with Pennsylvania Rule of Criminal Procedure 902(D). Second, even if Appellant complied with Rule 902(D), he failed to plead that he acted with due diligence.

Rule 902(D) provides that a PCRA petitioner "shall attach to the petition any affidavits, records, documents, or other evidence which show the facts stated in support of the grounds for relief, or the petition shall state why they are not attached." Pa.R.Crim.P. 902(D) (emphasis added). Failure to attach

an affidavit from a potential witness constitutes the failure to plead and prove the facts required to prove a timeliness exception applies and/or that the petitioner is entitled to relief. See Commonwealth v. Carson, 913 A.2d 220, 250 (Pa. 2006). In this case, Appellant failed to attach the alleged alibi witness' declaration to his third petition and failed to submit it after the PCRA court issued its Rule 907 notice.[6] As Appellant failed to attach the alleged alibi witness' affidavit to his petition, or to his response to the PCRA court's Rule 907 notice, he failed to plead and prove the applicability of the newly-discovered fact exception.

Moreover, even if we were to consider the unsworn declaration that Appellant submitted after he filed the instant notice of appeal, we would conclude that he failed to plead and prove the applicability of the newly-discovered fact exception. As noted above, a petitioner must plead and prove that he acted with due diligence in acquiring the newly-discovered facts he or she relies on to invoke of this timeliness exception. Brown, 141 A.3d at 500. In this case, Appellant failed to plead and prove that he acted with due diligence in acquiring information regarding the alleged alibi witness.

_____

[6] Appellant submitted an unsworn declaration from the alleged alibi witness after he filed the instant notice of appeal. It is axiomatic that issues not raised before the PCRA court are waived. Pa.R.A.P. 302(a). In this case, Appellant did not present the unsworn declaration until the notice of appeal was filed. Hence, we must analyze Appellant's claim that he satisfied the newly-discovered fact exception as though no such unsworn declaration exists.

In his PCRA petition, Appellant averred that the alibi witness would testify that he was playing billiards with Appellant at the time of the shooting. See Appellant's Third PCRA Petition, 7/27/17, at 2. If true, Appellant knew of this alibi witness since the beginning of these criminal proceedings. Appellant also averred in his PCRA petition that he did not begin searching for this alibi witness until sometime in 2016. See id. Hence, Appellant failed to act with due diligence by waiting over 13 years to search for the alibi witness he knew existed at the time these criminal proceedings began. Accordingly, even if we were to consider the unsworn declaration submitted after Appellant filed his notice of appeal, we would conclude that he failed to plead and prove the applicability of the newly-discovered fact exception to the PCRA's one-year time bar.

Appellant also argues that the PCRA court erred in denying his request for an investigator. We review the PCRA court's denial of a request for an investigator for an abuse of discretion. Commonwealth v. Bridges, 886 A.2d 1127, 1131 (Pa. 2005) (citation omitted). A PCRA court may appoint an investigator when a petitioner shows that assistance is reasonably necessary for the presentation of his or her claim. See Commonwealth v. Howard, 719 A.2d 233, 241-242 (Pa. 1998) (citation omitted). In this case, Appellant failed to show that an investigator was reasonably necessary for presentation of his claim. As noted above, Appellant did not attach the alleged alibi witness' declaration to his PCRA petition. Moreover, even if Appellant had attached the

unsworn declaration, the averments set forth in Appellant's petition make clear that he failed to exercise due diligence in locating the purported alibi witness and, therefore, the appointment of an investigator would not have aided the presentation of a viable claim. Accordingly, we conclude that the PCRA court did not abuse its discretion in denying Appellant's request for an investigator and that the PCRA court properly found that it lacked jurisdiction over the merits of Appellant's third, untimely PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/9/2018