**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| KEITH DAVID PETERKIN | |
| Appellant | No. 173 MDA 2019 |

Appeal from the PCRA Order Entered November 20, 2018
In the Court of Common Pleas of Centre County
Civil Division at No.: CP-14-CR-0001358-2015

BEFORE:  BOWES, STABILE, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:  **FILED DECEMBER 20, 2019**

Appellant Keith David Peterkin *pro se* appeals from the November 20, 2018 order entered in the Court of Common Pleas of Centre County ("PCRA court"), which denied his request for collateral relief under the Post Conviction Relief Act (the "PCRA"), 42 Pa.C.S.A. §§ 9541-46.  Upon review, we affirm.

The facts and procedural history of this case are undisputed.  As recounted by a prior panel of this Court on direct appeal:

> On July 31, 2015, Troopers Aaron Tiracorda and Christopher Pifer were on a midnight traffic detail with a police dog, K9 Officer Tom.  At approximately 2:30 a.m., the troopers observed suspected illegal window tint on Appellant's vehicle, in violation of 75 Pa.C.S.A. § 4524.  Trooper Tiracorda activated his emergency lights and spotlight to conduct a traffic stop.  Appellant did not immediately stop; he continued to drive for over one minute before pulling over
>
> The troopers approached Appellant's vehicle and questioned him about his travels that early morning.  Appellant was sweating profusely, became increasingly nervous throughout the interaction, and employed "stall tactics" when answering the troopers' questions: he was evasive, would not immediately

answer, and provided vague, uncertain answers. N.T., 1/8/2016, at 19.

Trooper Pifer conducted a check of the National Crime Information Center (NCIC) database from the patrol vehicle while Trooper Tiracorda remained with Appellant. At this time, Trooper Tiracorda detected the odor of raw marijuana emanating from the interior of Appellant's vehicle. Trooper Tiracorda returned to the patrol vehicle and notified Trooper Pifer of the smell. The troopers returned to Appellant's vehicle, and Trooper Pifer also detected the odor of marijuana.

Trooper Pifer asked Appellant to exit the vehicle so that Trooper Pifer could explain the warning for the window tint violation. Appellant hesitated before reluctantly exiting the vehicle. The troopers questioned Appellant about the smell of marijuana coming from his vehicle. Appellant initially denied the presence of marijuana in the vehicle, but after several more questions from the troopers, he acknowledged that there was a small amount of marijuana in the vehicle. Appellant was patted down and placed in handcuffs for officer safety.

Trooper Tiracorda conducted a "pre-search" of the vehicle to ensure the vehicle was safe for K9 Officer Tom. *Id.* at 23. During this pre-search, Trooper Tiracorda recovered approximately $12,000 and a small amount of marijuana from within the center console. K9 Officer Tom searched the vehicle; he alerted the troopers and "indicated on" the center console where the marijuana was found and a birthday present bag located in the backseat. *Id.* at 26. The bag was opened and found to contain approximately one pound of cocaine. The window tint was tested with a tint meter, and the reading indicated that only 22% of light could pass through the window.

Appellant was arrested and charged with [possession with intent to deliver a controlled substance, possession of a small amount of marijuana, possession of a controlled substance, and possession of drug paraphernalia]. Appellant filed a motion to suppress, in which he alleged that the initial traffic stop was illegal, the search of the vehicle was illegal, and any statements made during the stop were not rendered voluntarily, knowingly, and intelligently, in violation of **Miranda v. Arizona**, 384 U.S. 436 (1966).

After a hearing, his motion to suppress evidence was denied. The trial court held that the troopers had reasonable suspicion to conduct the traffic stop due to the window tint violation, and that the odor of marijuana and Appellant's admission to the presence of marijuana in the vehicle created probable cause for the troopers to search the vehicle. Trial Court Opinion, 2/19/2016, at 3-5.

Appellant's motion to suppress statements was granted in part and denied in part. In addressing Appellant's motion to

suppress statements, the trial court separated the interaction between Appellant and the troopers into four periods:

> (1) the period from the start of the traffic stop until the initiation of the repetitive questioning of [Appellant] regarding marijuana in the vehicle ("How much do you have in the car? Did you smoke before you left?"); (2) the period from the start of the repetitive questioning until the officers notify [Appellant] that he is under arrest and give [Appellant] an incomplete *Miranda* warning; (3) the period between the arrest and incomplete *Miranda* warning and the second complete *Miranda* warning and; (4) the period after the complete *Miranda* warning.

*Id.* at 8. The trial court held that Appellant's statements in segments (1) and (4) were admissible, but those in segments (2) and (3) were not. Notably, the admission to the presence of a small amount of marijuana occurred during segment (2), and was deemed inadmissible.

Thereafter, Appellant was convicted following a stipulated nonjury trial and sentenced [to four and one-half to nine years of imprisonment]. Appellant timely filed a notice of appeal. [Both Appellant and the trial court complied with Pa.R.A.P. 1925.]

*Commonwealth v. Peterkin*, No. 485 MDA 2017, unpublished memorandum, at 1-5 (Pa. Super. filed November 21, 2017) (footnote omitted). On appeal, Appellant argued only that the trial court erred in failing to suppress the results of the illegal search of his vehicle. We disagreed. In so doing, we determined:

> the totality of the circumstances demonstrates that the troopers still had probable cause to believe that an offense had been committed, namely: (1) the illegally tinted windows; (2) Appellant's delayed response to the troopers initiating a traffic stop; (3) Appellant's evasiveness and stalling tactics when answering the troopers' basic questions; (4) Appellant's increased nervousness; (5) Appellant's profuse sweating; (6) the smell of marijuana emanating from Appellant's vehicle; and (7) Appellant's hesitation to exit the vehicle to receive a warning. These circumstances, viewed in the aggregate, would cause a reasonable officer to believe that Appellant possessed contraband in the vehicle.

***Peterkin***, ***supra***, at 7-8. On April 10, 2018, our Supreme Court denied Appellant's petition for allowance of appeal. ***Commonwealth v. Peterkin***, 184 A.3d 144 (Pa. 2018).

On May 3, 2018, Appellant *pro se* filed the instant timely first PCRA petition, challenging the legality of the underlying traffic stop and the resulting search of his vehicle. On July 11, 2018, the PCRA court appointed counsel. On August 14, 2018, the Commonwealth filed an answer to Appellant's PCRA petition, asserting that Appellant previously litigated the issue raised in his PCRA petition. ***See*** Commonwealth's Answer, 8/14/18, at 3 (unpaginated). On September 17, 2018, appointed counsel filed a no-merit letter under ***Turner***/***Finley***[1] and petitioned to withdraw from the case. The PCRA court granted counsel's petition on September 19, 2018. On the same day, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss the petition without a hearing. The court directed Appellant to respond to the Rule 907 notice within twenty days.[2] Appellant responded. On November 14, 2018, the PCRA court denied Appellant PCRA relief. On November 20, 2018, the PCRA court vacated its November 14, 2018 order because it contained pages of, and references to, another, unrelated case and reissued a corrected order

---

[1] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[2] In September 19, 2018 Rule 907 order, the PCRA court committed a typographical error by referring to appointed counsel by a different last name. ***See*** PCRA Court Opinion, 11/20/18 at 3 (acknowledging the typographical error).

and opinion. Appellant *pro se* timely appealed. The PCRA court directed Appellant to file a Rule 1925(b) statement of errors complained of on appeal. Appellant complied, raising eight assertions.[3] In response, the PCRA court issued a Rule 1925(a) opinion, concluding that Appellant's claims do not merit relief. Specifically, the court noted that only Appellant's "first and fifth allegations of error pertain to the PCRA proceedings" and that his "second, third, fourth, six, seventh, and eighth" assertions of error "have either been fully litigated or have been waived by failure to previously raise them" pre-trial, during trial and after trial. PCRA Court Opinion, 3/11/19, at 1.

On appeal,[4] Appellant presents the following issues for our review, which we quote from the argument section of his brief.[5]

> [I.] Is the court's dismissal of Appellant's PCRA petition and granting of appointed counsel leave to withdraw valid when Judge

---

[3] Specifically, Appellant challenged (1) the PCRA court's decision to dismiss his petition without a hearing and granting appointed counsel's petition to withdraw; (2) the trial court's denial of his suppression motion and the discretionary aspects of his sentence insofar as he claims that the sentence imposed was harsh; (3) the prosecutor's conduct during trial; (4) the reasons underlying the traffic stop; (5) the effectiveness of his trial, appellate and PCRA counsels; (6) the weight of the evidence supporting his conviction; (7) the sufficiency of the evidence supporting his conviction; and (8) the legality of his sentence.

[4] "In PCRA proceedings, an appellate court's scope of review is limited by the PCRA's parameters; since most PCRA appeals involve mixed questions of fact and law, the standard of review is whether the PCRA court's findings are supported by the record and free of legal error." ***Commonwealth v. Pitts***, 981 A.2d 875, 878 (Pa. 2009) (citation omitted).

[5] We note with disapproval that Appellant's brief does not fully conform with our rules of appellate procedure because it does not contain a statement of questions involved, as required by Pa.R.A.P. 2116.

Brian K. Marshall failed to comply with procedures of the Pa.R.Crim.P. 907(1)[?]

[II.] Did the court err in dismissing Appellant's appointed PCRA attorney when Attorney provided ineffective assistance of counsel by failing to conduct thorough investigation and amend Appellant's *pro se* petition[?]

[III.] Was counsel during suppression hearing and the trial ineffective for failing to challenge and impeach evidence and testimony of police officers with evidence of misconduct, fraud and prior inconsistent statements[?]

[IV.] Was counsel ineffective for failing to seek recusal of judge pending criminal proceedings and for not objecting to the same judge presiding over the suppression hearing and judge only trial[?]

[V.] Did layered ineffective assistance of counsel victimize and prejudice Appellant during every single phase of his legal proceedings[?]

[VI.] Did counsel's failure to challenge the discretionary aspects of sentencing prejudice Appellant, depriving him of effective legal assistance, resulting in an excessive sentence[?]

[VII.] Did counsel render ineffective assistance of counsel for failing to object to sentencing judge's abuse of discretion, prosecutor's submission of incorrect criminal history and imposition of excessive sentence[?]

Appellant Brief at 4, 7, 10, 14, 16, 17, 19 (unnecessary capitalizations omitted).

We begin our analysis by addressing Appellant's third, fourth, sixth, and seventh issues on appeal. In this regard, the Commonwealth points out that these issues are waived because Appellant did not raise them before the PCRA court. Upon our review of the record, as detailed above, we agree. Under Pa.R.A.P. 302, "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a).

Similarly, we are constrained to agree with the Commonwealth that Appellant's second and fifth issues challenging the effectiveness of appointed

counsel are waived.[6]  In **Commonwealth v. Henkel**, 90 A.3d 16 (Pa. Super. 2014) (*en banc*), **appeal denied**, 101 A.3d 785 (Pa. 2014), we explained that "claims of PCRA counsel's ineffectiveness may not be raised for the first time on appeal."  **Henkel**, 90 A.3d at 20 (citations omitted).

With the foregoing in mind, we now address the only issue that Appellant has preserved for our review: whether the PCRA court failed to comply with Rule 907(1) in dismissing Appellant's PCRA petition.  Rule 907 provides in relevant part:

> (1) the judge shall promptly review the petition, any answer by the attorney for the Commonwealth, and other matters of record relating to the defendant's claim(s).  If the judge is satisfied from this review that there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings, the judge shall give notice to the parties of the intention to dismiss the petition and shall state in the notice the reasons for the dismissal.  The defendant may respond to the proposed dismissal within 20 days of the date of the notice.  The judge thereafter shall order the petition dismissed, grant leave to file an amended petition, or direct that the proceedings continue.

Pa.R.Crim.P. 907(1).  Here, no genuine issues concerning any material fact were raised by Appellant's PCRA petition and, as a result, the PCRA court correctly determined that no purpose would be served by any further proceedings or hearings.  Thus, as we set forth earlier, on September 19,

---

[6] Although we are aware of this Court's recent decision in **Commonwealth v. Shaw**, 214 A.3d 283 (Pa. Super. 2019), we find it readily distinguishable.  In **Shaw**, this Court concluded that Shaw's claim of PCRA counsel's ineffectiveness was not waived on appeal because prior PCRA counsel "abandoned the only claim [Shaw] had presented at the PCRA hearing" by failing to include it in Shaw's Rule 1925(b) statement.  **Id.** at 292-93.  Here, by contrast, except for the claims addressed below, Appellant did not preserve the remaining claims by raising them in the PCRA court.

2018, the PCRA court issued a Rule 907 notice, wherein it granted Appellant twenty days to respond. Upon receiving and considering the response, the PCRA court dismissed the petition on November 14, 2018.

Under the facts and circumstances of this case, we do not discern any error. Appellant had raised a single claim in his *pro se* PCRA petition, which challenged a previously-raised suppression issue. A petitioner must plead and prove his allegation of error has not been previously litigated or waived. **Commonwealth v. Bridges**, 886 A.2d 1127, 1130 (Pa. 2005) (citing 42 Pa.C.S.A. § 9543(a)(3)). "A claim previously litigated in a direct appeal is not cognizable under the PCRA." **Commonwealth v. Hutchins**, 760 A.2d 50, 55 (Pa. Super. 2000). As mentioned, the suppression issue giving rise to the instant PCRA petition was previously litigated pre-trial and on direct appeal. Accordingly, the trial court did not err and, contrary to Appellant's argument, fully and properly complied with the requirements of Rule 907. Appellant, therefore, is not entitled to relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/20/2019

- 8 -