J-S75038-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| SILEEN KENNEY, | : | |
| | : | |
| Appellant | : | No. 3529 EDA 2015 |

Appeal from the PCRA Order November 12, 2015
in the Court of Common Pleas of Philadelphia County,
Criminal Division, No(s): CP-51-CR-0010010-2009;
CP-51-CR-0010011-2009; CP-51-CR-0010012-2009

BEFORE: BOWES, MOULTON and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J: **FILED DECEMBER 19, 2016**

Sileen Kenney ("Kenney") appeals from the Order dismissing his first Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm the denial of reinstatement of Kenney's direct appeal rights *nunc pro tunc*, reverse the Order denying PCRA relief, vacate Kenney's judgment of sentence, and remand for resentencing.

In its Opinion, the PCRA court set forth the relevant factual and procedural history of this case, which we adopt for the purpose of this appeal. *See* PCRA Court Opinion, 1/28/16, at 1-4.

On appeal, Kenney raises the following issues for our review:

I. Did the [PCRA] court err in not reinstating [Kenney's] right to file an appeal *nunc pro tunc* from the judgment of sentence because [Kenney's] defense counsel was ineffective in representing [Kenney] on appeal?

---

[1] *See* Pa.C.S.A. §§ 9541-9546.

II.     Is [Kenney] entitled to a new sentence[ing] hearing because the sentence imposed by the trial court was illegal because a sentence imposed on criminal conspiracy can[]not run consecutive[ly] to a sentence imposed on attempted murder?

Brief for Appellant at 2.

We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level.  This review is limited to the findings of the PCRA court and the evidence of record.  We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error.  This Court may affirm a PCRA court's decision on any grounds if the record supports it.  We grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record.  However, we afford no such deference to its legal conclusions.  [Further, w]here the petitioner raises questions of law, our standard of review is *de novo* and our scope of review [is] plenary.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

In his first claim, Kenney contends that his appellate counsel was ineffective for failing to raise, with adequate specificity, a sufficiency claim regarding the *mens rea* element of the offense of attempted murder.  Brief for Appellant at 6.  Kenney points out that, on direct appeal of his judgment of sentence, this Court determined that Kenney's sufficiency claim was waived because his court-ordered Pa.R.A.P. 1925(b) Statement was vague and non-specific.  *Id*.  Kenney asserts that, although the trial court addressed the issue, it applied the wrong standard in determining that the Commonwealth was required to establish that Kenney acted with malice aforethought rather than with a specific intent to kill.  *Id*.  Kenney claims

that that the Commonwealth's evidence did not establish a specific intent to kill, and that this Court declined to address the issue due to his appellate counsel's ineffectiveness. *Id*. at 7. Kenney argues that, due to appellate counsel's ineffectiveness, the PCRA court should have reinstated his direct appeal rights *nunc pro tunc*. *Id*.

The PCRA court addressed Kenney's first issue, set forth the relevant law, and determined that his ineffectiveness claim lacked merit because the evidence was sufficient to support his convictions. *See* PCRA Court Opinion, 1/28/16, at 4-6 (relying on the trial court's painstaking review of the sufficiency of the evidence for each of the charges against Kenney, and incorporating the trial court's analysis by reference); *see also* Trial Court Opinion, 3/28/11, at 19-29 (meticulously setting forth the evidence supporting Kenney's convictions, and concluding that the evidence was sufficient to support them). We agree with the sound reasoning of the PCRA court, and affirm on this basis as to Kenney's first issue. *See* PCRA Court Opinion, 1/28/16, at 4-6; *see also* Trial Court Opinion, 3/28/11, at 19-29.

In his second issue, Kenney contends that, pursuant to 18 Pa.C.S.A. § 906,[2] the sentence imposed on the attempted murder conviction, of 20 to 40 years in prison, followed by 10 years of probation for the conspiracy to

---

[2] Pursuant to section 906 "[a] person may not be convicted of more than one of the inchoate crimes of criminal attempt, criminal solicitation or criminal conspiracy for conduct designed to commit or to culminate in the commission of the same crime." 18 Pa.C.S.A. § 906.

commit murder conviction, was illegal because the offenses of attempted murder and criminal conspiracy merge for sentencing purposes. Brief for Appellant at 7. Kenney claims that his judgment of sentence should be vacated, and the case remanded for resentencing. *Id*. The Commonwealth concedes that, pursuant to 18 Pa.C.S.A. § 906, the trial court erred by imposing consecutive sentences for attempted murder and conspiracy to commit murder when sentencing Kenney in relation to victim Niles Elo ("Elo"). Commonwealth Brief at 11.

A claim that crimes should have merged for sentencing purposes presents a challenge to the legality of a sentence. *See Commonwealth v. Rhoades*, 8 A.3d 912, 918 (Pa. Super. 2010). Although Kenney's legality of sentence claim was not raised in his *pro se* PCRA Petition or in his counseled amended Petition, such a claim can be raised *sua sponte* by this Court, where we have jurisdiction. *See Commonwealth v. Edrington*, 780 A.2d 721, 723 (Pa. Super. 2001). Thus, because Kenney's Petition was timely filed, this Court has jurisdiction to address his challenge to the legality of his sentence. *See Commonwealth v. Berry*, 877 A.2d 479, 482 (Pa. Super. 2005) (holding that legality of sentence claims may be addressed if the PCRA petition was timely filed).

We conclude that the trial court erred by imposing consecutive sentences for attempted murder and conspiracy to commit murder when sentencing Kenney in relation to Elo. *See* 18 Pa.C.S.A. § 906 (providing

that a person may not be sentenced for both criminal attempt and criminal conspiracy in the commission of the same crime). Because vacating Kenney's sentence for conspiracy to commit murder may disrupt the trial court's overall sentencing scheme, we vacate his judgment of sentence in its entirety and remand for resentencing. *See Commonwealth v. Barton-Martin*, 5 A.3d 363, 370 (Pa. Super. 2010) (providing that where vacating a sentence disrupts a trial court's overall sentencing scheme, this Court will remand to the trial court for resentencing).

Order affirmed in part and reversed in part; judgment of sentence vacated; case remanded for resentencing; Superior Court jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/19/2016

IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CRIMINAL TRIAL DIVISION

| | | |
|---|---|---|
| COMMONWEALTH | : | CP-51-CR-0010010-2009 |
| | | CP-51-CR-0010011-2009 |
| | : | CP-51-CR-0010012-2009 |
| vs. | | |
| | : | |
| | : | |
| | | SUPERIOR COURT |
| SILEEN KENNEY | : | 3529 EDA 2015 |

OPINION

BRINKLEY, J.                                            JANUARY 28, 2016

Defendant Sileen Kenney filed a petition for relief pursuant to the Post Conviction Relief

Act (PCRA), 42 Pa.C.S.A. § 9541 *et seq*. (eff. Jan. 16, 1996), claiming ineffective assistance of

appellate counsel for allegedly failing to properly preserve the issue of sufficiency of evidence.

After review of Defendant's *pro se* PCRA petition, counsel's Amended petition, the

Commonwealth's Motion to Dismiss, Defendant's Reply to the 907 Notice, and the

Commonwealth's investigation into the content of Defendant's Reply to the 907 Notice, this

Court dismissed Defendant's PCRA petition based upon lack of merit. Defendant appealed this

dismissal. This Court's dismissal of Defendant's petition as meritless should be affirmed.

## FACTS AND PROCEDURAL HISTORY

On February 16, 2009, Defendant and an accomplice forced their way into Niles Elo's

home at gunpoint. Elo and his friend, David Morris, were ordered to get on the floor. Elo's

girlfriend, Alicia Thorpe, who had been upstairs with their two young children, came down the

stairs to see what was going on. Elo gave Defendant cash from his pocket but Thorpe began to

B-1

argue with the assailants. Defendant and his accomplice began shooting: Thorpe was shot twice—once in the chest and once in the leg; Elo was shot once in the back; and Morris was shot at twice but avoided being hit. Police officers recovered ballistic evidence from the home. On March 5, 2009, Bensalem Township police officers pulled over a minivan for a windshield obstruction violation. After further investigation, the officers learned that the minivan belonged to a rental company, that the rental agreement had expired, and that the driver Lawrence Allen did not have permission to drive the vehicle nor did he have a valid driver's license. Police officers obtained a search warrant and recovered a firearm from the back of the minivan. This firearm had Defendant's fingerprint on it. In addition, ballistics experts determined that the fired cartridge casings recovered from Elo's house were fired from the gun in the minivan. Defendant was arrested and charged with attempted murder and related crimes. (See Trial Court Opinion, filed 3/28/11, p. 3-12).

On March 24, 2010, Defendant appeared before this Court for a non-jury trial. Defendant was found guilty of three counts of attempted murder, three counts of aggravated assault, and one count each of robbery, criminal conspiracy, theft-receiving stolen property, carrying a firearm without a license, carrying a firearm in a street or public place in Philadelphia, terroristic threats, simple assault, recklessly endangering another person, possession of an instrument of crime, and unlawful restraint. On May 25, 2010, Defendant was sentenced to an aggregate sentence of 20 to 40 years state incarceration plus 10 years reporting probation.

Defendant filed a direct appeal on June 14, 2010 and raised the following issues for appellate review: (1) whether the trial court erred in denying Defendant's motion to suppress the gun recovered following a car stop by Bensalem police; (2) whether the trial court erred in admitting Nile Elo's preliminary hearing statement after he was declared unavailable at trial by

2

choosing to plead the 5th Amendment; and (3) whether the evidence was insufficient to convict Defendant of each charge alleged against him. The Superior Court found his third claim regarding sufficiency of evidence to be waived because Defendant failed to "denote the specific unproven elements; he merely concluded the evidence as a whole was insufficient to support the guilty verdict on all counts." See Superior Court Opinion, filed 6/26/12, p. 16. On December 27, 2012, the Pennsylvania Supreme Court denied Defendant's petition for allocator.

On September 27, 2013, Defendant filed a *pro se* PCRA petition. His appointed PCRA counsel, John P. Cotter, Esquire, filed an amended petition on November 12, 2014, claiming, "Defendant's appellant [sic] defense counsel was ineffective when he filed a defective/vague 1925(b) statement as a result of which the defendant/petitioner was held by the appellate court to have waived the issue of sufficiency of evidence. This Issue has not been waived by the defendant."

On February 9, 2015, the Commonwealth filed a Motion to Dismiss. On April 17, 2015, this Court sent Defendant a 907 Notice, notifying him that his petition would be dismissed without further proceedings based upon lack of merit. Defendant submitted a reply to the 907 Notice, now claiming that Commonwealth's witnesses who testified at the preliminary hearing were biased in favor of the Commonwealth due to alleged outstanding criminal matters and that possible negotiations with the Commonwealth improperly influenced their testimony. On September 3, 2015, this Commonwealth, by agreement with defense counsel, requested a 30-day extension so it could fully investigate Defendant's claims. On November 9, 2015, the Commonwealth reported that it was unable to confirm any of Defendant's claims regarding improper witness bias as none of the witnesses had open criminal matters pending at the time of

the preliminary hearing. This Court then dismissed Defendant's PCRA petition based upon lack

of merit. On November 17, 2015, Defendant filed a Notice of Appeal to Superior Court.

## ISSUES

I.    **WHETHER THE PCRA COURT PROPERLY DISMISSED DEFENDANT'S PCRA PETITION AS WITHOUT MERIT, WHERE DEFENDANT CLAIMED THAT APPELLATE COUNSEL WAS INEFFECTIVE FOR FILING A "DEFECTIVE/VAGUE" 1925(B) STATEMENT.**

II.    **WHETHER THE PCRA COURT PROPERLY DISMISSED DEFENDANT'S PCRA PETITION AS WITHOUT MERIT WHERE DEFENDANT CLAIMED THAT THE TESTIMONY OF THREE COMMONWEALTH WITNESSES WAS IMPROPERLY INFLUENCED BY THEIR OUTSTANDING CRIMINAL CHARGES.**

## DISCUSSION

I.    **THIS COURT PROPERLY DISMISSED THE PETITION BASED UPON LACK OF MERIT BECAUSE APPELLATE COUNSEL WAS NOT INEFFECTIVE FOR FAILING TO PRESERVE THE SUFFICIENCY OF THE EVIDENCE ISSUE.**

Defendant claims that appellate counsel was ineffective for filing a "defective/vague

1925(b) statement as a result of which the defendant/petitioner was held by the appellate court to

have waived the issue of sufficiency of evidence." See Amended Petition, p. 2. He further claims

that he suffered prejudice from this because "defendant lost the opportunity to have the charges

dismissed." See Defendant's Memorandum of Law in Support of Amended Petition under Post-

Conviction Relief Act, p. 2. This claim is without merit.

When reviewing the denial of PCRA relief, the appellate court's review is limited to

determining whether the PCRA court's findings are supported by the record and without legal

error. Commonwealth v. Breakiron, 566 Pa. 323, 781 A.2d 94, 97 n. 4 (2001). The court's

scope of review is limited to the findings of the PCRA court and the evidence on the record of

the PCRA court's hearing, viewed in light most favorable to the prevailing party.

4

Commonwealth v. Duffey, 585 Pa. 493, 889 A.2d 56, 61 (2005). The burden is on the petitioner in the PCRA petition to demonstrate by a preponderance of the evidence that he or she is eligible for PCRA relief. 42 Pa.C.S. § 9543.

Under the law of this Commonwealth, counsel is presumed to be effective and the defendant has the burden of proving otherwise. Commonwealth v. Reaves, 592 Pa. 134, 923 A.2d 1119, 1124 (2007). To secure relief, the defendant must plead and prove both that his "counsel's performance was deficient" and that the "deficient performance prejudiced the defense." Commonwealth v. Reaves, 592 Pa. 134, 923 A.2d 1119, 1124 (2007) (quoting Strickland v. Washington, 466 U.S. 668, 687,104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); Commonwealth v. Pierce, 515 Pa. 153, 527 A.2d 973, 975 (1987)). Specifically, in order to demonstrate ineffective assistance of counsel, a PCRA petitioner must prove the following: "(1) that the claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and, (3) that, but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different." Commonwealth v. Bath, 2006 PA Super. 235, 907 A.2d 619, 622 (2006) (quoting Commonwealth v. Kimball, 555 Pa. 299, 724 A.2d 326, 333 (1999)). "A reasonable probability is a probability that is sufficient to undermine confidence in the outcome of the proceedings." Commonwealth v. Collins, 598 Pa. 397, 957 A.2d 237, 244 (2008) (citing Strickland, 466 U.S. at 694). "When a defendant challenges a conviction, the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." Commonwealth v. Burno, 626 Pa. 30, 94 A.3d 946 (2014) (quoting Hinton v. Alabama, — — U.S. at ——, 134 S.Ct. at 1089 (quotation and quotation marks omitted)). The failure to satisfy any prong of this test will cause the entire claim to fail. Bath, 907 A.2d at 622 (citing

5

Commonwealth v. Bridges, 584 Pa. 589, 886 A.2d 1127, 1131 (2005)); see also Commonwealth v. Harris, 578 Pa. 377, 852 A.2d 1168, 1173 (2004) ("where an appellant has not met the prejudice prong of the ineffectiveness standard, the claim may be dismissed on that basis alone").

In the case at bar, Defendant is unable to demonstrate that appellate counsel failed to properly preserve and raise an issue that would have been meritorious on appeal. There is nothing in the Amended Petition or in the Memorandum of Law in Support of Amended Petition that alleges or argues that but for the waiver of the sufficiency claim, Defendant successfully could have had his charges dismissed. In his Memorandum of Law, Defendant baldly states that he "lost the opportunity" to have his charges dismissed. He does not argue that the charges, in fact, would have been dismissed if not for failure to preserve this issue. As Defendant has failed to demonstrate that he suffered any prejudice, this claim must fail.

Even if Defendant could show prejudice, his claim that the evidence was insufficient to sustain a finding of guilt is entirely without merit. In the Trial Court Opinion filed March 28, 2011 in connection with Defendant's direct appeal, this Court painstakingly reviewed the sufficiency of the evidence of each and every charge and found that Defendant was properly found guilty. The entirety of the Opinion is attached and it is hereby incorporated herein by reference. Specifically, pages 19-29 meticulously discuss in great detail the sufficiency of evidence for every charge of which Defendant was found guilty. As the evidence adduced at trial overwhelmingly supported his convictions, Defendant's claim is without merit and this Court properly dismissed his PCRA petition.

6

**II. THIS COURT PROPERLY DISMISSED THE PETITION BASED UPON LACK OF MERIT BECAUSE THE COMMONWEALTH WITNESSES DID NOT HAVE ANY OPEN CRIMINAL MATTERS AT THE TIME OF THE PRELIMINARY HEARING AS ALLEGED BY DEFENDANT IN HIS REPLY TO THE 907 NOTICE.**

Defendant claimed in his reply to the 907 Notice that the three Commonwealth witnesses who testified at the preliminary hearing were influenced by "outstanding criminal charges hanging over top of [their] head." He argued that these charges were not mentioned, and therefore, "the jurier [sic] nor my lawyer had a chance to detect any biasness [sic] that may have been in favor of the prosecution […]." This Court properly dismissed Defendant's PCRA petition as this claim is entirely without merit.

After Defendant raised this issue for the first time in his reply to the 907 Notice, this Court granted the Commonwealth a 30-day continuance so that it could fully investigate the claim and determine whether the three victims/witnesses—Niles Elo, Aisha Thorpe, and David Morris—had any outstanding charges at the time of the preliminary hearing that went undisclosed. At the conclusion of its investigation, the Commonwealth determined that none of the witnesses who testified at the preliminary hearing had any pending criminal matters at that time. (N.T. 11/9/15, p. 3-4). In fact, Niles Elo and Aisha Thorpe did not have any criminal history whatsoever. The Commonwealth discovered the David Morris had been in trouble with the law in the past; however, he did not have any open cases at the time of the preliminary hearing. Thus, none of the complaining witnesses had any outstanding criminal charges at the time of the preliminary hearing that should have been disclosed. Based upon the results of the Commonwealth's investigation, this Court properly dismissed Defendant's PCRA petition as his claims were baseless and without merit. Accordingly, this Court's dismissal should be affirmed.

7

## CONCLUSION

After reviewing the applicable statutes, testimony and case law, this Court committed no error. This Court properly dismissed Defendant's PCRA petition based upon lack of merit. Appellate counsel was not ineffective for failing to properly preserve Defendant's sufficiency issues as these would not have been meritorious claims. In addition, there was no possible bias related to three complaining witness's testimony at the preliminary hearing as neither witness had undisclosed pending criminal charges at that time that could have influenced their testimony. Accordingly, this Court's dismissal of Defendant's PCRA petition should be affirmed.

BY THE COURT:

_____ J.

B- 8