J-S39004-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| KENNETH A. LEWIS | : | |
| | : | |
| Appellant | : | No. 1976 EDA 2017 |

Appeal from the PCRA Order May 30, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0002049-2011,
CP-51-CR-0005295-2011

BEFORE:   GANTMAN, P.J.E., STABILE, J., and STEVENS*, P.J.E.

MEMORANDUM BY GANTMAN, P.J.E.:              **FILED OCTOBER 23, 2019**

Appellant, Kenneth A. Lewis, appeals from the order entered in the Philadelphia County Court of Common Pleas, which denied his first petition brought pursuant to the Post-Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546.   We affirm in part, vacate in part, and remand with instructions.

The relevant facts and procedural history of this case are as follows.  In November 2010, Appellant harassed victim, J.R., with numerous threatening phone calls and text messages.  On December 17, 2010, Appellant physically assaulted and raped another victim, A.S.   The resulting charges were consolidated for trial.  On March 14, 2013, a jury convicted Appellant of rape, involuntary deviate sexual intercourse, sexual assault, indecent assault, unlawful restraint, possessing an instrument of crime, intimidation of a

_____
*   Former Justice specially assigned to the Superior Court.

witness, aggravated assault, stalking, terroristic threats, and harassment. On August 9, 2013, the court sentenced Appellant to an aggregate term of 55 to 110 years' imprisonment. The court also required Appellant to register for life as a Tier III offender under the Sexual Offender Registration and Notification Act ("SORNA"), and designated Appellant as a sexually violent predator ("SVP"). This Court affirmed the judgment of sentence on February 3, 2015; our Supreme Court denied a petition for allowance of appeal on July 23, 2015. *See Commonwealth v. Lewis*, 120 A.3d 366 (Pa.Super. 2015) (unpublished memorandum), *appeal denied*, 632 Pa. 680, 118 A.3d 1108 (2015).

On February 2, 2016, Appellant timely filed a *pro se* PCRA petition at both docket numbers. The PCRA court appointed counsel on May 16, 2016. Counsel filed a petition to withdraw and a no-merit letter pursuant to *Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*), on January 31, 2017. That same day, the PCRA court issued notice of its intent to dismiss pursuant to Pa.R.Crim.P. 907. Appellant filed three *pro se* responses to the Rule 907 notice, on February 15, 2017, March 2, 2017, and May 4, 2017. On May 30, 2017, the PCRA court denied relief and granted counsel's petition to withdraw.

Appellant timely filed a *pro se* notice of appeal on June 8, 2017. On November 8, 2017, the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b);

Appellant complied *pro se* on December 1, 2017.[1]

Appellant raises the following issues for our review:

> IS [APPELLANT] ENTITLED TO A NEW TRIAL ON CASES CP-51-CR-0005295-2011 AND CP-51-CR-0002049-2011 WHERE [APPELLANT] WAS NOT PRESENT NOR HAD AGREED OR HAD KNOWLEDGE OF PLEADING GUILTY ON 3-5-2013 FOR CASE CP-51-CR-0005295-2011 NEVER GIVEN COUNSEL…PERMISSION TO NEGOTIATE A GUILTY PLEA— ONLY TO WITHDRAW THE GUILTY PLEA ON 3-6-2013[,] NONE OF THIS WITH THE KNOWLEDGE OR AGREEMENT OF [APPELLANT?] THIS IN FACT WAS A TACTIC TO DISMISS A QUALIFIED JURY THAT HAD BEEN QUALIFIED ALREADY IN ORDER TO START ANEW WITH A NEW *VOIR DIRE* AND PICKING NEW JURY.
>
> IS [APPELLANT] ENTITLED TO A NEW TRIAL WHERE INADMISSIBLE EVIDENCE WAS ADMITTED, THUS THE JURIST ABUSING HIS DICRETION TO WHERE THE [COURT] MERGED TWO SEPARATE CASES, THAT OCCURRED ON TWO SEPARATE DATES, WHICH DID NOT HOLD TAINT TOWARDS SUBJECT MATTER[?] [APPELLANT] WAS SUBJECT TO A DOUBLE JEOPARDY STANDARD IN VIOLATION OF THE UNITED STATES CONSTITUTION. A PRIOR OR PREVIOUS DOMESTIC CASE BETWEEN [APPELLANT] AND HIS COMPANION CP-51-CR-0005295-2011, SHOULD NOT HAVE BEEN PRESENTED BEFORE THE JURY IT'S A MISDEMEANOR. THIS MISHAP PREJUDICES [APPELLANT] AND ABRIDGED HIS CONSTITUTIONAL RIGHTS TO A FAIR TRIAL.

(Appellant's Brief at 3).

Initially, to be eligible for relief under the PCRA, the petitioner must plead and prove his conviction resulted from one or more of the grounds set forth in 42 Pa.C.S.A. § 9543(a)(2)(i-viii). **Commonwealth v. Zook**, 585 Pa.

---

[1] Appellant filed his single notice of appeal prior to June 1, 2018. Thus, this case does not present a jurisdictional issue under **Commonwealth v. Walker**, ___ Pa. ___, 185 A.3d 969 (2018).

11, 887 A.2d 1218 (2005). "Generally, an appellant may not raise allegations of error in an appeal from the denial of PCRA relief as if he were presenting the claims on direct appeal." **Commonwealth v. Price**, 876 A.2d 988, 995 (Pa.Super. 2005), *appeal denied*, 587 Pa. 706, 897 A.2d 1184 (2006), *cert. denied*, 549 U.S. 902, 127 S.Ct. 224, 166 L.Ed.2d 179 (2006). Further, a petitioner must plead and prove his allegation of error has not been previously litigated or waived. **Commonwealth v. Bridges**, 584 Pa. 589, 594, 886 A.2d 1127, 1130 (2005) (citing 42 Pa.C.S.A. § 9543(a)(3)). "A claim previously litigated in a direct appeal is not cognizable under the PCRA." **Commonwealth v. Hutchins**, 760 A.2d 50, 55 (Pa.Super. 2000).

Instantly, Appellant argues that he is entitled to a new trial because the evidence was insufficient to sustain the verdict or in the alternative, that the verdict was against the weight of the evidence. Appellant also challenges the discretionary aspects of his sentence. All three of these arguments are raised in terms of trial court error, which is impermissible in the PCRA context. **See** 42 Pa.C.S.A. § 9543(a)(2); **Zook, supra**; **Price, supra**. Further, on direct appeal, Appellant litigated both the sufficiency and weight issues, which he now raises in this appeal. **See Hutchins, supra**. Therefore, Appellant's issues are not cognizable under the PCRA; and the PCRA court properly denied relief on these grounds.

Nevertheless, we are mindful of recent case law calling into question the retroactive application of sex offender registration under SORNA to offenses

- 4 -

committed before the effective date of SORNA. Given the timeliness of Appellant's PCRA petition, we elect to review the legality of Appellant's sentence on this basis *sua sponte*. **See Commonwealth v. DiMatteo**, 644 Pa. 463, 177 A.3d 182 (2018) (reiterating general rule that legality of sentence can be reviewed in context of timely PCRA petition); **Commonwealth v. Randal**, 837 A.2d 1211 (Pa.Super. 2003) (*en banc*) (explaining challenges to illegal sentence cannot be waived and may be raised by this Court *sua sponte*, assuming jurisdiction is proper; illegal sentence must be vacated).

The Pennsylvania Supreme Court held that the registration requirements under SORNA constitute criminal punishment. **Commonwealth v. Muniz**, 640 Pa. 699, 164 A.3d 1189 (2017), *cert. denied*, ___ U.S. ___, 138 S.Ct. 925, 200 L.Ed.2d 213 (2018). The **Muniz** Court declared SORNA's purpose was punitive in effect, notwithstanding the General Assembly's intended purpose for the law as a civil remedy. **Id.** at 748-49, 164 A.3d at 1218. We have since held **Muniz** created a substantive rule that retroactively applies in the collateral context. **Commonwealth v. Rivera-Figueroa**, 174 A.3d 674, 678 (Pa.Super. 2017).

Instantly, Appellant committed his registerable offenses on December 17, 2010, before the effective date of SORNA on December 20, 2012. **See** 42 Pa.C.S.A. §§ 9799.10, 9799.41. Under SORNA, Appellant's sex offenses carry a lifetime registration requirement but with an increase in reporting

requirements as compared to Megan's Law III. *See* 42 Pa.C.S.A. §§ 9799.14(d)(2), (4), (5); 9799.15(a)(3), (6). *See also* 42 Pa.C.S.A. § 9795.1(b)(2) (effective December 8, 2008 to December 19, 2011). Because Appellant committed his offenses before the effective date of SORNA, the increased reporting requirements of SORNA constitute greater punishment for Appellant. *See Muniz, supra*. Thus, the imposition of SORNA registration requirements on Appellant violates the *ex post facto* clauses of both the United States and Pennsylvania Constitutions.[2] *See id.*; *Rivera-Figueroa, supra*.

Further, this Court held the process and imposition of SVP status is also unconstitutional, "because it increases the penalty to which a defendant is exposed without the chosen fact-finder making the necessary factual findings beyond a reasonable doubt." *Commonwealth v. Butler,* 173 A.3d 1212, 1218 (Pa.Super. 2017), *appeal granted*, ___ Pa. ___, 190 A.3d 581 (2018). "[A] PCRA petitioner can obtain relief from an illegal sentence under *Butler*, if the petition is timely filed, as long as the relevant judgment of sentence became final **after** June 17, 2013, the date [*Alleyne v. United States*, 570

---

[2] The General Assembly created Subchapter I through Act 10 and amended in Act 29, in response to *Muniz* and its progeny. *See* H.B. 1952, 202 Gen. Assem., Reg. Sess. (Pa. 2018), Act 29 of 2018; H.B. 631, 202 Gen. Assem., Reg. Sess. (Pa. 2018), Act 10 of 2018. Subchapter I addresses sex offenders who committed offenses **before** December 20, 2012. *See* 42 Pa.C.S.A. §§ 9799.51-9799.75. Additionally, this Court recently held the **effective** date of SORNA controls for purposes of this *ex post facto* analysis. *See* *Commonwealth v. Lippincott*, 208 A.3d 143 (Pa.Super. 2019) (*en banc*); *Commonwealth v. Wood*, 208 A.3d 131 (Pa.Super. 2019) (*en banc*).

U.S. 99, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013)] was decided." ***Commonwealth v. Adams-Smith***, 209 A.3d 1011, 1024 (Pa.Super. 2019).

Here, Appellant's judgment of sentence became final on October 21, 2015, after the United States Supreme Court had decided ***Alleyne*** on June 17, 2013. ***See*** U.S.Sup.Ct.R. 13; ***Alleyne, supra***. Both ***Muniz*** and ***Butler*** were decided during the pendency of Appellant's timely PCRA petition. Under these new cases, Appellant's SVP status constitutes an illegal sentence subject to correction. ***See*** 42 Pa.C.S.A. § 9542 (stating persons serving illegal sentence may obtain collateral relief); ***Adams-Smith, supra***. Therefore, we must vacate Appellant's SVP status. ***See Randal, supra***. Accordingly, we affirm the order denying PCRA relief, but we vacate that portion of the judgment of sentence which required Appellant to register for life under SORNA and designated Appellant as an SVP; we remand the case to the trial court to instruct Appellant on his proper registration and reporting requirements.

Order affirmed; judgment of sentence vacated in part solely as to SVP status and SORNA reporting requirements; case remanded with instructions. Jurisdiction is relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/23/19