J-S18023-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOSEPH JOHN MADONNA, JR. | : | |
| | : | |
| Appellant | : | No. 985 MDA 2021 |

Appeal from the PCRA Order Entered July 22, 2021
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0006048-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOSEPH JOHN MADONNA, JR. | : | |
| | : | |
| Appellant | : | No. 986 MDA 2021 |

Appeal from the PCRA Order Entered July 12, 2021
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0006049-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOSEPH JOHN MADONNA, JR. | : | |
| | : | |
| Appellant | : | No. 987 MDA 2021 |

Appeal from the PCRA Order Entered July 22, 2021
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0006050-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |

J-S18023-22

                                        :
          v.                            :
                                        :
                                        :
                                        :
     JOSEPH JOHN MADONNA, JR.           :
                                        :
          Appellant                     :    No. 988 MDA 2021

Appeal from the PCRA Order Entered July 22, 2021
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0006051-2016

BEFORE:  BENDER, P.J.E., McLAUGHLIN, J., and McCAFFERY, J.

MEMORANDUM BY McLAUGHLIN, J.:        **FILED: SEPTEMBER 21, 2022**

Joseph John Madonna, Jr. appeals *pro se* from the order dismissing his first Post Conviction Relief Act ("PCRA")[1] petition as untimely. Madonna argues his petition is timely under the governmental interference exception, and that his PCRA counsel was ineffective for not advancing this argument. We affirm.

A jury convicted Madonna of rape of a child, involuntary deviate sexual intercourse with a child, statutory sexual assault, aggravated indecent assault of a child less than 13 years of age, aggravated indecent assault of a person less than 16 years of age, unlawful contact with a minor, indecent assault of a person less than 16 years of age, three counts of indecent assault of a child less than 13 years of age, and four counts of corruption of a minor.[2] The court sentenced him in 2017 to serve an aggregate sentence of 14 to 46 years' incarceration. On direct appeal, this Court vacated the portion of Madonna's

---

[1] **See** 42 Pa.C.S.A. §§ 9541-9546.

[2] 18 Pa.C.S.A. §§ 3121(c), 3123(b), 3122.1(b), 3125(b), 3125(a)(8), 6318, 3126(a)(8), 3126(a)(7), and 6301(a)(1)(ii), respectively.

- 2 -

sentence declaring him a sexually violent predator and affirmed in all other respects. ***Commonwealth v. Madonna***, No. 1714 MDA 2017, 2018 WL 3405498, at *1 (Pa.Super. July 13, 2018) (unpublished memorandum). The Pennsylvania Supreme Court denied Madonna's petition for allowance of appeal on January 30, 2019.

On September 20, 2019, Madonna sent a letter addressed to the Lancaster County Clerk of Courts, which stated the following:

> I was appointed by this Court [direct appeal counsel] . . . to the above[-]mentioned court cases. This attorney has not contacted me since March 13, 2018. I told [counsel], I wanted to appeal my case to the Pa. Supreme Court. He has never given me a[n] answer or sent me any paperwork on this. I have wr[itten] my attorney many times with no response. I am asking this Court to appoint me a new attorney for my appeals. I am requesting a response from this Court. Your response will be greatly appreciated.

Mot. for New Counsel, 9/20/19, at 1. The docket in the certified record reflects that the court served Madonna's trial counsel with a copy of the letter via "eService," but took no other action on it. Copy of Record, printed 10/29/21, at 16.

On January 4, 2021, Madonna filed a *pro se* PCRA petition. He argued his petition was timely because it was premised on due process violations by trial counsel and the prosecutor and on newly discovered evidence. PCRA Pet., 1/4/21, at 1, 3. The PCRA court appointed counsel.

Counsel filed a motion to withdraw and a "no merit" letter.[3] Counsel's motion to withdraw stated he had reviewed the files and communicated with Madonna, and "has come to the conclusion that no issue of merit exists in this matter for an action under the [PCRA], as [the petition] was filed beyond the time limits prescribed by 42 Pa.C.S.A. § 9545(b)." Mot. to Withdraw, 6/11/21, at ¶ 5. In his no-merit letter, counsel explained Madonna's petition was untimely because he filed it over a year after the finality of his judgment of sentence, and "[t]here appear to be no valid exceptions to the timeliness requirements of the PCRA in [his] case." No-merit Ltr., 6/11/21, at 2 (unpaginated).

The court issued a Rule 907 notice informing Madonna that it intended to dismiss his petition for untimeliness, and that Madonna had 20 days in which to respond. **See** Pa.R.Crim.P. 907. The court also granted PCRA counsel leave to withdraw.

Madonna filed a timely *pro se* response. He argued the court should assume jurisdiction of his untimely petition, considering the miscarriage of justice during the trial phase of his case, and because he will otherwise be *de facto* condemned to serve a life sentence despite his innocence. Response to Rule 907 Notice, 7/1/21, at 2-3. Madonna also filed an amended *pro se* response, in which he argued his PCRA petition was untimely due to the restrictions on his ability to access the prison library during the coronavirus

---

[3] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

pandemic. Amended Response to Rule 907 Notice of Intent to Dismiss, 6/30/21, at 2.[4] He asserted the library was inaccessible from April 8, 2020, to June 8, 2021. *Id.* He argued that holding his petition untimely under these circumstances is a violation of due process and equal protection.

The court dismissed the petition as untimely. Madonna appealed, and raises the following issues:

I.    Does the Commonwealth's failure to afford the defendant at Pa.R.Crim.P. 904 adequate and [meaningful] access to effective assistance from persons trained in the law in a first PCRA petition, constitute as interference by government officials (42 Pa.C.S. 9545(b)(1)(i)[)], and violate the Constitution or laws of the United States, or this Commonwealth, thereby depriving the defendant of the ability to exercise due diligence aided by [competent] counsel to research, [develop] and [ascertain] the facts upon which his claims could be predicated then filed as timely as PCRA claims for relief at (42 Pa.C.S. 9541-9546)(PCRA)[?]

II.   Did how [direct appeal counsel] not file a motion to withdraw his representation prejudice the appellant[']s request for new counsel in such a way where it deprived the appellant access to [competent] counsel in filing his 1st PCRA with the assistance of persons trained in the law to perform such tasks[?]

III.  Did [direct appeal counsel's] failure to forward to the appellant discovery, CYS transcripts, trial transcripts and other criminal proceedings prejudice the appellant[']s ability to exercise due diligence by researching case fact circumstances to [develop], [ascertain], and file in a timely manner his claims for relief at (42 Pa.C.S. 9541-9546) (PCRA)[?]

_____

[4] Madonna dated both documents June 27, 2021, but the Clerk of Courts time-stamped and filed his Response and Amended Response on July 1 and June 30, 2021, respectively.

IV.    Did appointed PCRA counsel's failure to investigate and file the exception to [the] (1) year time-bar 42 Pa.C.S. 9545(b)(2)(i) "Government Interference" being the particular case fact circumstances underlying the untimeliness and inadequacy of the appellant[']s 1st PCRA petition, constitute a constructive denial of counsel (ineffectiveness per se), thereby violating the Constitution and laws of the United States and this Commonwealth, and Pa.R.Crim.P. 904 enforcements[?]

Madonna's Br. at 6.

Madonna's first three issues are interrelated. He argues that due to his age of 87 years and lack of competency in the law, he petitioned the court for counsel, and that he did so when he still had seven months left before the PCRA's one-year time-bar expired. *See* 42 Pa.C.S.A. § 9545(b)(1) (stating that unless a statutory exception to the time-limit applies, a PCRA petition must be filed within one year of the date the judgment of sentence became final). Madonna claims his "clear belief and understanding was to await the court[']s disposition of his request for new counsel[], and expect to be contacted by new appointed counsel to begin his timely PCRA procedure." Madonna's Br. at 12. However, Madonna argues, his request for counsel went unanswered by the court, preventing him from filing a timely PCRA petition or learning the facts necessary to file a petition.

Madonna contends the court did not appoint PCRA counsel because his direct appeal counsel never withdrew from representation and the court never issued an order granting counsel leave to withdraw. Madonna asserts that had the court granted his direct appeal counsel leave to withdraw, counsel would have been obligated to forward Madonna's case file, which would have allowed

- 6 -

Madonna to research and develop any cognizable PCRA claims in a timely manner. He argues he had the right to counsel on his first PCRA petition, under Pa.R.Crim.P. 904 and **Commonwealth v. Smith**, 818 A.2d 494, 501 (Pa. 2003). He maintains that the PCRA court's denial of this right constituted governmental interference in his ability to present a timely petition. He claims the error, by both prior counsel and the court, also violated his right to due process.

In his fourth issue, Madonna argues that in failing to advance the governmental interference exception in his amended PCRA petition, his PCRA counsel was ineffective. He argues that he was abandoned by counsel and/or completely deprived of counsel and/or that his counsel was ineffective per se.

We review the denial of PCRA relief to determine whether it is supported by the record and free of legal error. **Commonwealth v. Hart**, 199 A.3d 475, 481 (Pa.Super. 2018). "We review the PCRA court's legal conclusions *de novo*." **Id.** When the PCRA court denied relief without an evidentiary hearing, we determine whether the PCRA court erred in determining there were no genuine issues of material fact. **Id.**

The PCRA's time limitations are jurisdictional in nature and therefore strict adherence is required. **Commonwealth v. Anderson**, 234 A.3d 735, 737 (Pa.Super. 2020). A petitioner seeking PCRA relief has one year from the date the judgment of sentence became final in which to petition the court unless a statutory exception applies. **See** 42 Pa.C.S.A. § 9545(b)(1). A

judgment of sentence becomes final at the conclusion of direct review, or when the time to seek direct review has expired. *Id.* at § 9545(b)(3).

Madonna's judgment of sentence became final on April 30, 2019, when the time in which to seek *certiorari* from the United States Supreme Court expired.[5] He therefore had until April 30, 2020, to file a PCRA petition. The instant petition, filed January 4, 2021, is facially untimely.

The PCRA provides three exceptions to the one-year deadline. **See** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Madonna argues his petition is timely under the "governmental interference" exception. This exception applies when the petitioner pleads and proves "the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States." 42 Pa.C.S.A. § 9545(b)(1)(i). A petitioner invoking this exception must act with due diligence in discovering the factual basis for his claim. **Commonwealth v. Bankhead**, 217 A.3d 1245, 1248 (Pa.Super. 2019). The petitioner then must file the petition pleading the exception within one year of the date he could have first presented the claim. 42 Pa.C.S.A. § 9545(b)(2).

Neither Madonna's *pro se* petition nor his *pro se* responses to the court's Rule 907 notice mention the governmental interference exception. Nor did

---

[5] As noted above, the Pennsylvania Supreme Court denied Madonna's petition for allowance of appeal on January 30, 2019. Madonna had 90 days in which to file a petition for writ of *certiorari* in the United States Supreme Court. U.S. Sup. Ct. R. 13(1).

Madonna ever argue to the PCRA court that it should have construed his September 2019 letter as a timely PCRA filing or should have *sua sponte* granted his direct appeal counsel leave to withdraw, and that its failure to do either of these things constituted governmental interference. As Madonna did not argue that these facts should provide a basis for the governmental interference exception to the time-bar to the PCRA court, his argument is waived. **Bankhead**, 217 A.3d at 1247-48; **see also Commonwealth v. Blackwell**, 936 A.2d 497, 500 (Pa.Super. 2007) ("[F]ailure to allege a timeliness exception in the PCRA petition itself precludes the petitioner from raising it on appeal").

Even if Madonna had made these arguments to the PCRA court, they do not form a basis for the governmental interference exception. Madonna's 2019 letter to the court requesting the status of his direct appeal was not tantamount to a PCRA filing necessitating the appointment of counsel. And the court was not obligated to issue an order granting Madonna's counsel leave to withdraw *sua sponte*, as counsel's representation terminated when Madonna's direct appeal concluded. **See** Pa.R.Crim.P. 122(B)(2) ("When counsel is appointed, . . . the appointment shall be effective until final judgment, including any proceedings upon direct appeal"). In addition, although Madonna argued to the PCRA court that the prison law library was closed from April 2020 to June 2021, restrictions on access to prison resources do not generally qualify a petition for the governmental interference exception. **Bankhead**, 217 A.3d at 1248.

Moreover, Madonna's 2019 letter exemplifies that Madonna did not act with due diligence in preserving his PCRA rights. Madonna does not assert what other, if any, steps he took between his sentencing hearing in 2017 and the filing of his *pro se* petition in 2021 to discover whether his direct appeal had been resolved, the status of his representation, or the PCRA filing requirements. He has not offered any reason he could not have used the prison law library to determine the status of his case and prepare a PCRA petition between the time of his imprisonment and the library's closure in April 2020. Madonna's judgment of sentence became final in April 2019, and he alleges the library closed a year later. The fact that he filed the instant petition in January 2021, five months before he alleges the library re-opened, further belies his claim that the library's closure deprived him of the ability to file a timely petition.

Madonna has therefore failed to plead facts showing that he acted with due diligence in discovering any governmental interference and that he filed his petition within one year. As Madonna has failed to establish that the governmental interference exception applies to his petition, his related claim that his PCRA counsel was ineffective for failing to pursue the governmental interference exception is without merit. **See Commonwealth v. Bridges**, 886 A.2d 1127, 1132 (Pa. 2005) ("[C]ounsel cannot be found ineffective for failing to pursue a meritless claim").

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/21/2022