J-S04021-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
LAWRENCE WELLS :
:
Appellant : No. 1101 EDA 2023

Appeal from the PCRA Order Entered April 14, 2023
In the Court of Common Pleas of Philadelphia County
Criminal Division at No:  CP-51-CR-0414651-1979


BEFORE:  BOWES, J., STABILE, J., and LANE, J.

MEMORANDUM BY STABILE, J.:                    **FILED MAY 31, 2024**

Appellant, Lawrence Wells, appeals *pro se* from the April 14, 2023 order of the Court of Common Pleas of Philadelphia County, which denied his petition for collateral relief under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-46.  Upon review, we affirm.

The factual background is not at issue here.  Briefly, on November 14, 1980, following a bench trial, Appellant was found guilty of first-degree murder, possession of an instrument of crime, and aggravated assault.  On October 19, 1981, Appellant was sentenced to a life sentence without parole on the murder conviction.  Appellant, subsequently, filed a direct appeal and this Court affirmed the trial court's judgment of sentence on June 22, 1984. ***See Commonwealth v. Wells***, 2829 Philadelphia 1981, unpublished memorandum (Pa. Super. filed June 22, 1984).  Our Supreme Court denied

allocatur on January 12, 1987. *Commonwealth v. Wells*, 522 A.2d 558 (Pa. 1987).

Subsequently, Appellant unsuccessfully collaterally challenged his conviction in 1989, 1999, 2005, 2009, and 2014. Appellant filed the present PCRA petition, his sixth, on November 29, 2021. After issuing a notice of intent to dismiss under Pa.R.A.P. 907, the PCRA court dismissed the petition on April 14, 2023. This appeal followed.

Appellant asserts in this appeal that the Commonwealth was in possession of documentation that would have demonstrated his mental health conditions played a role in the underlying crimes, but the Commonwealth failed to share those documents with him prior to trial. Appellant also argues that all prior counsel were ineffective for not investigating the Commonwealth's failure to provide those reports.

> When reviewing the propriety of an order pertaining to PCRA relief,
>
> we consider the record in the light most favorable to the prevailing party at the PCRA level. This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. We grant great deference to the PCRA court's findings that are supported in the record and will not disturb them unless they have no support in the certified record. However, we afford no such deference to the post-conviction court's legal conclusions. We thus apply a *de novo* standard of review to the PCRA [c]ourt's legal conclusions.

*Commonwealth v. Diaz*, 183 A.3d 417, 421 (Pa. Super. 2018) (internal citations and quotation marks omitted).

All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless, as discussed below, an exception to timeliness applies.  42 Pa.C.S.A. § 9545(b)(1).  "The PCRA's time restrictions are jurisdictional in nature.  Thus, if a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition.  Without jurisdiction, we simply do not have the legal authority to address the substantive claims."  ***Commonwealth v. Chester***, 895 A.2d 520, 522 (Pa. 2006) (internal citations and quotation marks omitted) (overruled on other grounds by ***Commonwealth v. Small***, 238 A.3d 1267 (Pa. 2020)).  Since timeliness is separate and distinct from the merits of Appellant's underlying claims, we first determine whether this PCRA petition is timely filed.  ***Commonwealth v. Stokes***, 959 A.2d 306, 310 (Pa. 2008).  If it is not timely, we cannot address the substantive claims raised in the petition.  ***Id.***

It is undisputed that Appellant's current petition is facially untimely. Indeed, his judgment of sentence became final on March 13, 1987, at the expiration of the 60-day time-period for seeking review with the Supreme Court of the United States.  ***See*** 42 Pa.C.S.A. § 9545(b)(3) (stating that a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); ***Commonwealth v. Owens***, 718 A.2d 330, 331 (Pa. Super. 1998) (directing that under the PCRA, petitioner's judgment of sentence becomes final ninety days after our

Supreme Court rejects his or her petition for allowance of appeal since petitioner had ninety additional days to seek review with the United States); U.S. Sup. Ct. R. 20.1 (effective August 1, 1984; replaced by U.S. Sup. Ct. R. 13, effective January 1, 1990).[1]

After his judgment of sentence became final, Appellant had one year to file a timely PCRA petition, *i.e.*, until March 14, 1988. ***See*** 42 Pa.C.S.A. § 9545(b)(1). The underlying petition, which he filed on November 29, 2021, is, therefore, facially untimely.

We have jurisdiction to address a facially untimely petition where the petitioner satisfies one or more of the PCRA's three limited exceptions to the one-year statute of limitations. ***See***, ***e.g.***, ***Commonwealth v. Hernandez***, 79 A.3d 649, 651 (Pa. Super. 2013). These exceptions include: (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States; (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of

_____

[1] At the time of Appellant's direct appeal, the time to file a petition for *certiorari* was 60 days after the entry of the judgment. In 1990, the time to file a petition for *certiorari* was extended to 90 days.

- 4 -

Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively. *See* 42 Pa.C.S.A. § 9545(b)(1)(i)–(iii). As our Supreme Court has repeatedly stated, the petitioner maintains the burden of pleading and proving that one of these exceptions applies. *See*, *e.g.*, *Commonwealth v. Cox*, 146 A.3d 221, 227 (Pa. 2016).

As noted, Appellant argues that the Commonwealth was in possession of documentation that would demonstrate that his mental health conditions played a role in the underlying crimes and that the Commonwealth failed to share those documents with him prior to trial. Appellant also argues that all counsel were ineffective for not investigating the Commonwealth's failure to provide those documents.[2]

To the extent Appellant's first argument can be construed as governmental interference for purposes of Section 9545(b)(1), we note that:

> The governmental interference exception permits an otherwise untimely PCRA petition to be filed if it pleads and proves that the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States[.]

_____

[2] This is not the first time Appellant has raised these issues. Indeed, the record readily shows that Appellant's mental health issues (whether as a stand-alone claim or in connection with an ineffective assistance of counsel claim) played a substantial role in his prior challenges to his underlying convictions, and he fully developed these issues at trial, direct appeal, and collaterally. *See Commonwealth v. Wells*, 2829 Philadelphia 1981, unpublished memorandum, at *12 (Pa. Super. June 22, 1984) (direct appeal); *Commonwealth v. Wells*, 1639 Philadelphia 1992, unpublished memorandum at *3-*6 (Pa. Super. filed March 16, 1993) (appeal from denial of Appellant's first PCRA petition).

*Commonwealth v. Staton*, 184 A.3d 949, 955 (Pa. 2018) (internal quotation marks and citations omitted). This exception also requires a petitioner to "show that but for the interference of a government actor 'he could not have filed his claim earlier.'" *Id.* (quoting *Stokes*, 959 A.2d at 310).

Appellant pleads no facts that would remotely support a finding of governmental interference. Indeed, the PCRA Court noted, and we agree, that Appellant "failed to prove that the Commonwealth was in possession of these documents, before, during or after his trial, []or how they have prevented him from discovering this evidence, or interfered with him raising this claim." PCRA Court Opinion, 4/14/23, at 2.

> The PCRA court also noted that
>
> [t]he petition states that the documents have "subsequently become available". [Appellant] has not alleged when or how he became aware of the fact that the Commonwealth was in possession of this information, and what steps he may have taken to discover it, when and how they became "available", and whether the documents are in [Appellant]'s possession.

*Id.* at 2. Based on the foregoing, we agree with the PCRA court that Appellant failed to demonstrate that he could not have raised his present claim until less than one year before he filed this petition. *Staton*, *supra*.[3]

---

[3] *See also* 42 Pa.C.S.A. § 9545(b)(2) ("Any petition invoking an exception provided in [42 Pa.C.S.A. § 9545(b)(1)] shall be filed within one year of the date the claim could have been presented.")

Accordingly, we conclude that Appellant is not entitled to relief on his first claim.

Similarly, Appellant is not entitled to relief on his second claim - ineffective assistance of counsel in connection with the mental health documentation.[4]

First, Appellant failed to establish the timeliness of the instant claim. Claims of ineffective assistance of counsel are subject to the standard PCRA timeliness rules. *See*, *e.g.*, *Commonwealth v. Pursell*, 749 A.2d 911, 915 (Pa. 2000). Additionally, allegations of ineffectiveness are not sufficient justification to overcome otherwise untimely PCRA claims. *See*, *e.g.*, *Commonwealth v. Wharton*, 886 A.2d 1120, 1127 (Pa. 2005).

Additionally, on the merits, Appellant is not entitled to relief. The thrust of Appellant's claim, *i.e.*, Appellant's mental health conditions and their impact on the underlying crimes, as noted, was fully developed and addressed on direct appeal and prior PCRA petitions. We have consistently concluded that the claim has no merit. Accordingly, counsel cannot be found to have been

---

[4] To prevail on an ineffective assistance of counsel claim, a PCRA petitioner must plead and prove by a preponderance of the evidence that (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for acting or failing to act; and (3) the petitioner suffered resulting prejudice. *See*, *e.g.*, *Commonwealth v. Reyes-Rodriguez*, 111 A.3d 775, 780 (Pa. Super. 2015) (*en banc*), *appeal denied*, 123 A.3d 331 (Pa. 2015). The failure to meet any of these aspects of the ineffectiveness test results in the claim failing. *See*, *e.g.*, *Commonwealth v. Basemore*, 744 A.2d 717, 738 n.23 (Pa. 2000).

ineffective for not pursuing a meritless claim. *See*, *e.g.*, *Commonwealth v Spotz*, 18 A.3d 244, 261 (Pa. 2011); *Commonwealth v. Bridges*, 886 A.2d 1127, 1132 (Pa. 2005).

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/31/2024